Dear Mayor Schexneider:
This office is in receipt of your correspondence requesting we review the authority of the Board of Aldermen and the Mayor regarding a proposed salary increase to the Director of Personnel of the Municipal Employees Civil Service Board of the City of Kaplan.
Act 333 of the 1972 Regular Legislative Session created the system of civil service with respect to all municipal employees of the City of Kaplan. The Act further provided for the organization and functions of the Municipal Employees Civil Service Board of the City of Kaplan. At the outset, we quote from the definitional section of the Act as follows:
 Section 1. Definitions. Unless the contrary clearly otherwise requires the following words and phrases, when used in this Act shall have the following meaning:
 * * *
 2. "Appointing Authority" means the Mayor and Board of Aldermen in the City of Kaplan, Louisiana.
 3. "Board" means the Municipal Employees Civil Service Board of the City of Kaplan.
 * * *
 17. "Pay" means salary, wage, fees, allowance, and all other forms of valuable consideration, or the amount of any one or more of them, earned by or paid to an employee by reason of service rendered in any position, but does not include any allowance for expense authorized and incurred as an incident of employment.
 18. "Pay Plan" means all the rates of compensation prescribed by the board.
Section 6 of the Act pertains to the Director of Personnel, which in pertinent part provides:
 Section 6. Director of Personnel.
 A. There is hereby created and established the position of Director Personnel, who shall be appointed by the board. The Director shall receive an annual salary which shall be fixed by the board in accordance with the pay plan. . . .
 * * *
 B. Adequate annual appropriations shall be made by the City of Kaplan to enable the Director effectively to carry out the duties imposed upon him by this Act, and to pay his salary, that of his staff, and office and other actual necessary expenses, and adequate annual appropriations shall be made by the municipal government to enable the board to carry out effectively its duties.
The Director's salary is set in accordance with the pay plan which, in turn, is adopted following the procedures set forth in Section 10 of the Act, providing:
 Section 10. The Director, after consultation with the Mayor and Board of Aldermen of the City of Kaplan and heads of the departments, shall prepare and submit to the board for approval a pay plan for the classified service comprising a scale of rates for each class. Each scale of rate shall be determined with regard to the scale of rates for other classes, the duties required in the positions of the class, the qualifications therefore, the prevailing rate of pay for similar employment outside the service and other factors that may be considered to have a bearing upon the rates of pay. Such pay plan shall become effective when approved by the board and by the governing authority of the City of Kaplan, and may from time to time be changed or amended as circumstances warrant, with the concurrence of the board and the approval of the governing authority of the City of Kaplan. The scale of rates for any class shall consist of a minimum rate, a maximum rate, and one or more intermediate rates. The board shall adopt such rules governing the application of rates of pay and matters affecting the pay, as it seems proper and in the line with principles of civil service. No rules, regulations or plans shall be adopted which are in violation of any contracts between the city and the employees which would alder any agreements or working conditions, eligibility for employment, or other matters covered by said contracts. (Emphasis added).
The Act dictates that the pay plan be approved by the civil service board and the governing authority of the City of Kaplan, which in fact has been done. Further, such rules adopted by the civil service board implementing the pay plan have the force and effect of law under Section 5 of the Act.
There is provision for the municipality to object to a civil service rule, prior to its adoption, but once adopted the rule may not be contradicted by act of the governing authority. Section 5 of the Act addressing the foregoing provides:
 Section 5. Rules.
 A. The board is hereby authorized to adopt and execute such rules, regulations, and orders as it may consider necessary or desirable to carry out effectively the provisions of this Act, and shall do so when expressly required by this Act. No such rule, regulation, or order shall be contrary to or in violation of any provision, purpose or intent of this Act or contrary to any provision of the law. The board may amend or repeal any such rule or part thereof in the same manner provided herein for the adoption of such rule.
 B. The board may adopt any rule, either in its proposed or revised form, after a public hearing at which any municipal officer, employee, private citizen, and the Director shall be given an opportunity to show cause why the proposed rule, amendment, or any part whereof should or should not be adopted. Before the board holds any such public hearing, it shall furnish to the Mayor and Board of Aldermen, at least thirty days in advance thereof, a notice of date, time and place therefore. A copy of all proposed rules to be presented at any such hearing shall be furnished with all such notices therefore. A notice and copy of the proposed rules shall be posted upon the bulletin board of each department of the city for a period of at least fifteen days in advance of the said hearing.
 C. Within fifteen days after the board shall have adopted, amended or repealed any rule, it shall furnish an official copy thereof to the Mayor and Board of Aldermen.
 D. Rules adopted under the authority of this Section shall have the force and effect of law. (Emphasis added).
The mayor in a Lawrason Act municipality such as the City of Kaplan is subject to civil service rules and regulations as R.S. 33:404 states:
 R.S. 33:404. Duties of the mayor.
 A. The mayor shall have the following powers, duties, and responsibilities:
 1. To supervise and direct the administration and operation of all municipal departments, offices, and agencies, other than a police department with an elected chief of police, in conformity with ordinances adopted by the board of aldermen and with applicable provisions of state law; however, no such ordinance may limit the authority granted to the mayor by this Paragraph. All administrative staff shall be subordinate to the mayor.
 * * *
 3. Subject to applicable state law, ordinances, and civil service rules and regulations, to appoint and remove municipal employees, other than the employees of a police department with an elected chief of police. However, appointment or removal of a non-elected chief of police, the municipal clerk, the municipal attorney, or any department head, shall be subject to approval by the board of aldermen, except that in the case of a tie vote, the recommendation of the mayor shall prevail . . . (Emphasis added).
Thus, the mayor and board of aldermen lack the authority to contradict a civil service rule which would increase the Director's salary. The governing authority had ample time to object prior to the adoption of the rule.
Further, the director's position is "appointed by the board"; he receives an annual salary "fixed by the board in accordance with the pay plan", and he is subject to removal only by a "majority vote of the entire membership of the board, . . . for cause and after a public hearing before the board." See Section 6 of the Act. Thus, the mayor and board of aldermen are without authority to unilaterally change the Director's position from full time to part time. Such an action would properly initiate from the civil service board which exercises authority over the position.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Released: November 5, 2001